```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| NASIR'EL RAZUL BEY, <br> *Ex Rel Neil F. Ruiz,* <br><br>            Plaintiff, <br><br>    v. <br><br> BENJAMIN MCKINNEY, KEITH WALL, <br> JASON FLOOD, and DAVE'S TOWING <br> COMPANY, <br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 15-8089 (JBS/KMW) <br><br> **OPINION** |

APPEARANCES:

Mr. Nasir'el Razul Bey
1638 S. 10th St.
Camden, NJ 08104
    Plaintiff, pro se

Robert E. Campbell, Esq.
White and Williams, LLP
Libertyview
457 Haddonfield Road
Suite 400
Cherry Hill, NJ 08002
    Attorney for Defendants Benjamin McKinney, Keith Wall, and
    James Flood

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

    This matter comes before the Court on a motion by Defendants Benjamin McKinney, Keith Wall, and James Flood (collectively, "the Gloucester City Defendants") to dismiss the Second Amended Complaint. In this case, Plaintiff Nasir'el Razul

Bey, Ex Rel Neil F. Ruiz (hereinafter, "Plaintiff") generally alleges that on October 8, 2015, the Gloucester City Police Department, the Gloucester City Defendants, and Defendant Dave Pollander d/b/a Dave's Towing conspired to deprive him of his constitutional right to life, liberty, and property by impounding his vehicle and refusing to release it after a traffic stop on September 30, 2015. [See generally Docket Item 27.] For the reasons that follow, the Court will grant Defendants' motion, and will dismiss this case with prejudice as against all Defendants.

## II.  BACKGROUND

The Court gleans, and accepts as true for the purposes of the instant motion, the following factual allegations from Plaintiff's Second Amended Complaint. In so doing, the Court disregards Plaintiff's legal conclusions and the irrelevant matters discussed throughout the pleadings that are not pertinent to the cognizable causes of action. It appears that the crux of the Second Amended Complaint[1] arises from a traffic

---

[1] This Court has twice made Plaintiff aware [see Docket Items 24 & 26] that the filing of his Amended, and then Second Amended, Complaints rendered his initial Complaint of no legal significance. An "amended complaint supersedes the original and renders it of no legal effect," unless it "specifically refers to or adopts the earlier pleading." West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013) (internal quotations omitted). The Second Amended Complaint, like the Amended Complaint before it, does not explicitly adopt his earliest pleading, and narrows

2

stop of Plaintiff by the Gloucester City Defendants on October 8, 2015, after which the officers towed, with Dave Pollander doing business as Dave's Towing, impounded, and continue to hold, Plaintiff's car. (See Second Amended Complaint at pp. 2-5.) Plaintiff further alleges that this is part of "a policy, practices, or procedures" [sic] by the Gloucester City Police Department "designed to allow the use of unlawful seizures and deprivation of human and constitutional rights." (Id. at 8.) The Gloucester City Defendants' motion clarifies that Plaintiff was stopped for displaying a fictitious license plate on his car, and that the vehicle was impounded because Plaintiff refused to comply with the officers' request to see his license, registration, and proof of insurance. (Defendants' Motion to Dismiss [Docket Item 28] at 1.) It appears that Plaintiff's car remains impounded because Plaintiff has not yet provided proof of insurance and registration. (Id.)

Plaintiff initially filed this action on November 17, 2015, asserting claims for conspiracy, violations of scattered sections of Title 18 (the federal criminal code), and state law claims for emotional distress against Benjamin McKinney, Keith Wall, Jason Flood, Kristen Harberg, and Dave's Towing Company.

---

significantly the scope of his allegations. Accordingly, the Court is restricting its view of the sufficiency of Plaintiff's allegations to only those matters asserted in the operative Second Amended Complaint.

3

[See generally Docket Item 1.] Following service of the Complaint, the Gloucester City Defendants moved to dismiss the Complaint, on plausibility and immunity grounds. In the meantime, on February 29, 2016, Plaintiff filed a "**NOTICE OF AMENDED CIVIL COMPLAINT**," of right under Federal Rule of Civil Procedure 15(a)(1)(A), in which he omitted any mention of Assistant County Prosecutor Harberg, and otherwise narrowed the allegations underpinning the claims asserted in his initial Complaint. [Docket Item 16 (emphasis in original).] Although somewhat incoherent, Plaintiff's Amended Complaint appeared to limit the scope of Plaintiff's case to solely his request for the return of his vehicle (without any mention of conspiracy, or any other of the many claims identified in his initial Complaint). [See id. at 3-4.] Noting that this Amended Complaint materially changed the claims at issue in this action, the Court dismissed as moot the original motion to dismiss, and directed Plaintiff to file a motion for leave to file a Second Amended Complaint clarifying his claims. [Docket Item 24.] Instead, Plaintiff filed a Motion for Summary Judgment relying on allegations in his initial Complaint. [Docket Item 25.] The Court denied the motion for summary judgment and again invited Plaintiff to file a motion for leave to file a Second Amended Complaint. [Docket Item 26.]

4

While no motion for leave to file an amended complaint was ever filed, Plaintiff filed a Second Amended Complaint [Docket Item 27] against the Gloucester City Police Department, Benjamin McKinney, Keith Wall, Jason Flood, and Dave Pollander doing business as Dave's Towing, this time bringing claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 18 U.S.C. § § 241 and 242. This motion by the Gloucester City Defendants to dismiss the Second Amended Complaint timely followed [Docket Item 28], which Plaintiff opposes. [Docket Item 29.][2] The Court will decide this motion without holding oral argument. Fed. R. Civ. P. 78(b).

### III. STANDARD OF REVIEW

Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere

---

[2] Also pending before the Court are cross-motions for summary judgment by Plaintiff and the Gloucester City Defendants. [Docket Items 30 & 34.] These motions will be denied as moot because the earlier-filed motion to dismiss is granted, and Plaintiff's Second Amended Complaint will be dismissed with prejudice.

5

labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

**IV. DISCUSSION**

   **A. Section 1983 Claims against the Gloucester City Defendants**

The First Claim for Relief in the Second Amended Complaint asserts a claim under 42 U.S.C. § 1983 for violation of the First, Fourth, and Fifth amendments of the United States Constitution against the Gloucester City Defendants. In this count, Plaintiff complains of "the unlawful stop (detainment)," "the illegal seizure of private property," "the development,

6

implementation, and execution (carrying out) of a policy, practices and/or procedures designed to allow the use of unlawful seizures and deprivation of human and constitutional rights," and "failing to properly train, supervise, monitor and control the actions of all the defendants." (Second Am. Compl. at pp. 8-9.)[3]

To state a claim under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011). None of the actions of which Plaintiff complains – the traffic stop, the impounding of his vehicle, the policy or practice of unlawful seizures, and the failure to train officers – states a claim under § 1983.

First, Plaintiff has not alleged factual grounds for a Fourth Amendment violation on account of the traffic stop. The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. A traffic stop is a "seizure" within the meaning of the Fourth Amendment, "even

---

[3] Plaintiff also alleges that the Gloucester City Defendants violated § 1983 by "the intentional or negligent infliction of psychological, emotional distress upon Plaintiff; In the intentional or negligent using threats, duress and coercion" [sic] (Second Am. Compl. at 8), but these are state law claims, not constitutional, and thus are not cognizable under § 1983.

7

though the purpose of the stop is limited and the resulting detention quite brief." Delaware v. Prouse, 440 U.S. 648, 653 (1979); see also United States v. Arvizu, 534 U.S. 266, 273 (2002); United States v. Delfin-Colina, 464 F.3d 392, 396 (3d Cir. 2006). Notably, a "police officer who observes a violation of state traffic laws may lawfully stop the car committing the violation." United States v. Bonner, 363 F.3d 213, 216 (3d Cir. 2004) (citing Pennsylvania v. Mimms, 424 U.S. 106, 109 (1977)).

In New Jersey, the motor vehicles and traffic regulations are codified in the Motor Vehicle Code at N.J.S.A. 39:1-1 et seq. ("MVC"). The MVC prohibits a person from driving "a motor vehicle which displays a fictitious number, or a number other than that designated for the motor vehicle in its registration certificate." N.J.S.A. 39:3-33. Here, it is undisputed that Plaintiff was driving without a proper license plate on his car, giving the Gloucester City Defendants probable cause to stop his car. Accordingly, the Gloucester City Defendants lawfully stopped Plaintiff's car, even though they did not have a warrant from a judge to do so.

Second, Plaintiff has not alleged a violation of the Fourth Amendment for the seizure and towing of his vehicle, or for the continued impounding of his vehicle. The MVC requires drivers to "be in possession . . . at all times" of their "driver's license, the registration certificate of a motor vehicle and an

insurance identification card" whenever they drive in New Jersey, and to show the same to a police officer or judge if he or she requests to see it in the course of his or her duties. N.J.S.A. 39:3-29. Furthermore, the MVC requires police officers to "remove any unregistered vehicle from the public highway to a storage space or garage" at the driver's expense. N.J.S.A. 39:3-4. Officers shall not release an impounded vehicle "unless proof of valid motor vehicle insurance for that vehicle is presented to the law enforcement authority." N.J.S.A. 39:3-40.6. It is undisputed that Plaintiff either had no driver's license, registration, or proof of insurance, or refused to show them to the Gloucester City Defendants when he was lawfully stopped, in contravention of the MVC. Accordingly, the Gloucester Defendants acted under lawful authority when they seized Plaintiff's car, and continue to act lawfully when they continue to hold the vehicle until Plaintiff provides proof of insurance.

To the extent that Plaintiff argues that the MVC is an unconstitutional regulation of his right to use public roads in the state, he is incorrect. As long as there have been motor vehicles on the road, the Supreme Court has recognized the power of states to regulate them. Kane v. New Jersey, 242 U.S. 160, 167 (1916). "The power of the State to regulate the use of its highways is broad and pervasive," and such motor vehicle regulations "carry a strong presumption of validity when

9

challenged in court." Bibb v. Navajo Freight Lines, Inc., 359 U.S. 520, 523 (1959). See also State v. Smith, 276 A.2d 369, 375 (N.J. 1971) ("Regulation of traffic on the highways as a safety measure to protect the public is well within the police power of the State."). Courts will overturn state motor vehicle regulations only where "the total effect of the law as a safety measure in reducing accidents and casualties is so slight or problematical as not to outweigh the national interest in keeping interstate commerce free from interferences which seriously impede it." Bibb, 359 U.S. at 524 (citing Southern Pacific Co. v. State of Arizona, 325 U.S. 761, 775-76 (1945)). Requirements that all drivers be licensed and hold insurance for their vehicles, and that law enforcement keep unregistered or uninsured vehicles off the road until the driver can prove that they are insured, are clearly in the public's best interest. Plaintiff does not argue to the contrary. Accordingly, Plaintiff cannot state a constitutional violation arising from the Gloucester County Defendants' traffic stop or seizure of his vehicle.

Finally, Plaintiff's "policy and procedures" and failure to train claims against the Gloucester City Defendants must be dismissed as a matter of law because such claims must be directed at local governments or municipalities, not

individuals. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).

To the extent that Plaintiff's addition of the Gloucester City Police Department as a defendant in the Second Amended Complaint serves as notice of a Monell claim, this, too, must be dismissed. To state a claim for an unconstitutional policy or practice, a plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 404 (1997). In other words, a plaintiff must present facts to support a finding that execution of a specific policy or custom, or the directive of the municipality's final decision maker, caused the alleged harm. To maintain a claim for a failure to supervise or discipline its police officers, a plaintiff must show that the municipality was deliberately indifferent to the constitutional rights of its inhabitants. Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995). The bare allegations in the Second Amended Complaint pertaining to, inter alia, "the development, implementation, and execution (carrying out) of a policy, practices and/or procedures designed to allow the use of unlawful seizures and deprivation of human and constitutional rights" and "failing to oversee, monitor, control, curtail, or restrain the actions of the individual Defendants in carrying

11

out such operations when all of the Defendants knew, or should have known, from prior operations of this kind and/or from acts of misconduct by the individual Defendants, that, if not conducted in compliance with prior training and with the utilization of proper equipment by the individual Defendants, that the likelihood of property damage, physical and psychological injury, and deprivation of the Constitutional rights of innocent citizens would be substantial" are vague, conclusory, and unsupported by developed factual allegations. (See Second Am. Compl. at pp. 8-9.)

Therefore, the Court will dismiss the First Claim for Relief for violations of § 1983 and the First, Fourth, and Fifth Amendments against the Gloucester City Defendants (and against the Gloucester City Police Department, to the extent that Plaintiff attempts to state such a claim).[4]

**B. Section 1985 and 1986 Claims against All Defendants**

The Second and Third Claims for Relief in the Second Amended Complaint assert claims against all Defendants under 42 U.S.C. §§ 1983, 1985, and 1986 and for intentional infliction of emotional distress. Generally, Plaintiff complains in these counts that the Defendants "collectively and individually in planning, conducting, and carrying out (Larceny and extortion)

---

[4] Accordingly, the Court need not reach the Gloucester City Defendants' qualified immunity argument.

12

[sic]" violated his constitutional rights and failed to prevent those violations when they had a constitutional duty to do so, and that these actions "were calculated, designed, and intended by the Defendants to intentionally inflict deliberate emotional distress, psychological trauma, psychic pain and suffering upon said Plaintiff." (Second Am. Compl. at pp. 11, 14.)

First, to the extent that these counts assert claims under § 1983 against Dave Pollander or his company, Dave's Towing, these claims must be dismissed as a matter of law because Mr. Pollander is not a state actor.

Second, Plaintiff has not stated a claim for conspiracy to interfere with civil rights in violation of § 1985 against any of the Defendants. § 1985(3) creates a cause of action against any two persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . . ." 42 U.S.C. §1985(3). To state a claim under this section, a plaintiff must allege the following elements: "(1) a conspiracy; (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or

13

privilege of a citizen of the United States." United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott, 463 U.S. 825, 828-29 (1983). The second element requires a plaintiff to allege that the conspiracy was motivated by racial, gender, or other class-based discriminatory animus. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Slater v. Susequehanna Cnty., 465 Fed. Appx. 132, 136 (3d Cir. 2012) (quoting Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006)). Even generously construing the Second Amended Complaint, Plaintiff has alleged none of the required elements of a § 1985 claim. Plaintiff has not alleged any facts to suggest there was a conspiracy or an agreement among the Defendants, and he has not identified what discriminatory animus motivated the traffic stop and impounding of his vehicle. This claim must be dismissed.

Third, because Plaintiff has not stated a claim under § 1985, he cannot state a claim under § 1986. This section creates a cause of action against any person who "having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so . . . ." 42 U.S.C. § 1986 (emphasis added). In other words, "Section 1986 is a companion to Section 1985(3)." Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980). "Because transgressions of § 1986 by definition depend on

14

a preexisting violation of § 1985, if the claimant does not set forth a cause of action under the latter, its claim under the former necessarily must fail also." Id. This claim, too, must be dismissed.

Finally, Plaintiff has not stated an intentional infliction of emotional distress claim against any Defendants. To state a claim for intentional infliction of emotional distress under New Jersey law, a plaintiff must allege that "(1) the defendant acted intentionally; (2) the defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community; (3) the defendant's actions proximately caused him/her emotional distress; and (4) the emotional distress was so severe that no reasonable [person] could be expected to endure it." Soliman v. Kushner Cos., Inc., 77 A.3d 1214, 1229 (N.J. App. Div. 2013). Because Plaintiff's allegations are rooted in conduct by the Gloucester City Defendants that was authorized by the MVC, their conduct cannot, as a matter of law, be "outrageous" or "extreme."

For these reasons, the Second and Third Claims for Relief will be dismissed, as against all Defendants.

**C. Section 241 and 242 Claims against All Defendants**

Finally, the Fourth Claim for Relief asserts claims against all Defendants for violations of 18 U.S.C. §§ 241 and 242, alleging a criminal conspiracy against civil rights and criminal deprivation of civil rights under color of law. These claims must be dismissed as a matter of law because they are criminal statutes that create no private right of action to enforce them. See United States v. City of Philadelphia, 644 F.2d 187, 196-97 (3d Cir. 1980) (finding no civil implied right of action from §§ 241 and 242). A private citizen cannot bring any type of criminal claim against another citizen because "private persons do not have a 'judicially cognizable interest in the prosecution . . . of another." Kent v. Herida, 478 Fed. Appx. 721, 723 (3d Cir. 2012) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). Accordingly, this Claim for Relief will be dismissed.

## V.   CONCLUSION

For these reasons, the Court will grant Defendants' motion to dismiss. The dismissal of the Second Amended Complaint, in its entirety and as to all Defendants in this case, will operate with prejudice. A court may dismiss an action with prejudice and deny a plaintiff leave to amend where it is apparent that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." United States ex rel. Schumann v. Astrazeneca Pharma. L.P., 769 F.3d 837, 849 (3d

16

Cir. 2014). Amending a deficient complaint is futile where "the legal inadequacy cannot be solved by providing a better actual account of the alleged claim." United States ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 517 (3d Cir. 2007). Here, because Plaintiff's claims are legally insufficient, and because this was his third failed attempt to state a claim arising from the lawful and proper seizure of his vehicle bearing fictitious plates with no evidence of valid registration, he will not be permitted a third chance to amend his complaint.

    An accompanying Order will be entered.


**March 15, 2017**                  **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                      Chief U.S. District Judge